IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MELVIN HARRIS,                )
                              )
         Petitioner,          )
                              )
v.                            )   CIVIL ACTION NO. 95-AR-0381-S
                              )
WARDEN EDDIE NAGLE, et al,    )
                              )
         Respondents.         )

## MEMORANDUM OF OPINION

On December 31, 1996, the court set aside its judgment entered December 11, 1996, in order to give the petitioner time to file objections to the magistrate judge's report and recommendation. The petitioner has now filed and the court has considered the petitioner's objections.

The petitioner claims that his attorney rendered ineffective assistance when he did not inform him that *Ala. Code,* §15-22-27.2 (1975) would bar him from parole eligibility if he were convicted and sentenced to life imprisonment. The petitioner asserts that if he had known of this disqualification he would have accepted the prosecutor's settlement offer of 25 years. It has been determined in this habeas action, however, that the Alabama Board of Pardons and Paroles has not and will not apply §15-22-27.2 to the petitioner. Therefore, there is simply no issue before this court with respect to §15-22-27.2.[1]

---

[1] The petitioner makes a passing reference in his objections to §15-22-27.1. This statute, however, is not the subject of this habeas petition.

The court has again considered the entire file in this action, including the Magistrate Judge's order entered October 10, 1996, and the magistrate judge's report and recommendation entered November 20, 1996, along with the petitioner's objections, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved. The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. In accord therewith, this petition for writ of habeas corpus is due to be dismissed. An appropriate order will be entered.

DONE this 14th day of January, 1997.

_____
WILLIAM M. ACKER, JR.,
UNITED STATES DISTRICT JUDGE